# UNITED STATES TRUSTEE'S CHAPTER 11 GUIDELINES FOR DEBTORS IN POSSESSION AND TRUSTEES

(For all Chapter 11 cases other than Subchapter V cases)

# REGION 19
# COLORADO, UTAH, AND WYOMING

**For additional information and forms visit our websites at:**

**Colorado: https://www.justice.gov/ust/ust-regions-r19/region-19-chapter-11-0**
**Utah: https://www.justice.gov/ust/ust-regions-r19/region-19-chapter-11**
**Wyoming: https://www.justice.gov/ust/ust-regions-r19/region-19-chapter-11-1**

**or call:**

**Colorado Office (303) 312-7230**
**Utah Office (801) 524-5734**
**Wyoming Office (307) 772-2790**

## *TO: <u>CHAPTER 11 DEBTORS IN POSSESSION, CHAPTER 11 TRUSTEES, AND THEIR ATTORNEYS</u>*

The United States Trustee Program is the United States Department of Justice's component responsible for overseeing the administration of bankruptcy cases. 28 U.S.C. § 586. The Region 19 United States Trustee provides these Guidelines pursuant to that responsibility.

Nothing contained in these Guidelines should be construed as legal advice. The United States Trustee's Office cannot give legal advice to debtors, trustees, creditors, or other parties in bankruptcy cases. Parties should seek advice from their own attorneys. Parties represented by an attorney must communicate with the United States Trustee's Office through their attorney.

In addition to the requirements in these Guidelines, all applicable provisions of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.), Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P.), Local Bankruptcy Rules, General Orders, court orders, and other applicable law must be complied with in Chapter 11 cases. **Failure to comply with applicable requirements may result in a motion by the United States Trustee or others to dismiss or convert a case, or request other relief, including appointment of a Chapter 11 trustee.**

**Quarterly fee and other information, the Initial Financial Report form, the Monthly Operating Report forms, the Post-confirmation Report form, and other forms can be found at the United States Trustee's websites listed on the coversheet of these Guidelines. Please note that the Colorado, Utah, and Wyoming offices each have their own website.** If you do not have access to the internet, the United States Trustee's Office will provide paper copies upon request. Documents filed with the court must comply with Fed. R. Bankr. P. 9037's redaction requirements.

*As used in the Guidelines, the term "debtor in possession" should be substituted, where applicable below, with "Chapter 11 trustee" if a Chapter 11 trustee has been appointed in a case.*

"Post-petition" refers to the period of time after the date of filing a voluntary petition. References to the date of filing a voluntary Chapter 11 petition may also refer to the date of entry of an order for relief in an involuntary Chapter 11 case or to the date a case is converted to Chapter 11 from another chapter. *See* 11 U.S.C. §§ 303 and 348.

The United States Trustee reserves the right to modify these Guidelines without prior notice.

***THE DEBTOR IN POSSESSION IS A FIDUCIARY***

Upon filing a voluntary Chapter 11 petition, a debtor becomes a new entity called a debtor in possession. The debtor in possession may continue to operate its business unless the court orders the appointment of a Chapter 11 trustee (in which case the Chapter 11 trustee may operate the business) or the court orders otherwise.

A debtor in possession must perform all the functions and duties of a chapter 11 trustee specified in 11 U.S.C. § 1106 (except the duties found in section 1106(a)(2), (3), and (4)). *See* 11 U.S.C. § 1107(a). A debtor in possession owes a fiduciary duty to its creditors to, among other things, file a plan with the court as soon as practicable, preserve the bankruptcy estate, operate its business efficiently, keep post-petition debts current, and maximize payments to creditors under a Chapter 11 plan. In a single asset real estate case, the debtor may need to file a plan within 90 days of entry of the order for relief. *See* 11 U.S.C. § 362(d)(3).

***If there is a claim for a domestic support obligation against the debtor, the debtor in possession must provide certain notices and comply with 11 U.S.C. §§ 704(a)(10) and (c); 1106(a)(1).*** "Domestic Support Obligation" is defined at 11 U.S.C. § 101(14A).

***DEBTORS IN SMALL BUSINESS CASES***

The term "small business case" is defined in 11 U.S.C. § 101(51C). The term "small business debtor" is defined in 11 U.S.C. § 101(51D). Among other things, debtors in small business cases must include certain documents with the Chapter 11 petition, have a statutory deadline to file a disclosure statement and Chapter 11 plan with the court, a deadline to confirm the plan, and have other duties. *See* 11 U.S.C. §§ 308(b), 1116, 1121(e)(2), and 1129(e).

If a debtor has elected to proceed under Subchapter V, please refer to the United States Trustee's Chapter 11, Subchapter V Guidelines For Debtors In Possession rather than these Guidelines.

***<u>IMMEDIATE ACTION REQUIRED</u>***
***DEPOSITORY ACCOUNTS***

**Upon filing a voluntary Chapter 11 petition, the debtor must immediately ensure that funds are not disbursed from any of its depository accounts that were open before it filed its voluntary Chapter 11 petition.** Unless the court orders otherwise or applicable law requires otherwise, the debtor must freeze and / or close all such accounts and open new debtor in possession depository accounts that are collateralized or bonded in favor of the United States. *See* 11 U.S.C. § 345(b).

The United States Trustee's websites listed on the coversheet of these Guidelines contain a list of approved banks (also called "authorized depositories") for cases filed in Colorado, Utah, or Wyoming. There may be an exception to using these banks if the funds deposited in the debtor in possession account are insured or guaranteed by the United States, but only if the funds on deposit do not exceed the insurance or guarantee's limits. 11 U.S.C. § 345(b). If the amounts on deposit may exceed the insured or guaranteed limit, the funds must be deposited at an authorized depository.

The debtor in possession should establish a general account for the purpose of paying bills incurred during the administration of the case. The debtor in possession should, where appropriate, also establish a separate tax trust account so that it may escrow the necessary funds for the payment of post-petition taxes including, for example, payroll and sales or excise taxes, when such liabilities are incurred.

The debtor in possession may also be required to establish separate accounts for such items as payroll and payments to secured creditors. Savings accounts and certificates of deposit may be maintained as well, pursuant to the statutory obligation to obtain a safe, yet reasonable, return on estate funds for the benefit of creditors. *See* 11 U.S.C. § 345(a).

The debtor in possession is required to deposit all receipts in and make all disbursements from the debtor in possession account(s) and should never use cash to make payments, unless otherwise approved in writing by the United States Trustee or a court order.

The debtor in possession must immediately notify the United States Trustee of any change of debtor in possession accounts and must provide proof of compliance with 11 U.S.C. § 345(b) for each new account.

***COURT APPROVAL IS REQUIRED FOR CERTAIN TRANSACTIONS***

The debtor in possession should consult with its counsel about whether a court order is required for a specific action. For example, a court order authorizing the following actions is generally required:

- Using cash collateral (funds encumbered by a security interest) without consent from the creditor with an interest in the cash collateral (11 U.S.C. § 363(c)(2));
- Paying a pre-bankruptcy petition unsecured debt (11 U.S.C. § 363(b) and (c)(1));
- Selling the debtor's business or using, selling, or leasing any property or asset of the bankruptcy estate outside of the ordinary course of business (11 U.S.C. § 363(b));
- Obtaining a loan or financing outside of the ordinary course of business or incurring secured debt (11 U.S.C. § 364); and
- Entering into a settlement agreement (Fed. R. Bankr. P. 9019).

***EMPLOYING AND PAYING PROFESSIONALS***

The debtor in possession must obtain a court order approving the employment of its professionals. 11 U.S.C. § 327. This includes attorneys, accountants, realtors, appraisers, auctioneers, business consultants, engineers, and other professionals. The United States Trustee may object to any post-petition fees and costs incurred before an employment application was filed with the court. The debtor in possession must also obtain a court order approving a professional's compensation before making payment. 11 U.S.C. §§ 330 and 331.

***INSURANCE***

The debtor in possession must maintain adequate insurance to protect bankruptcy estate assets. The insurance must include coverage customary for the debtor's type of business and may include a combination of commercial, general liability, fire, liquor, automobile, product liability, property, worker's compensation, unemployment, employee health, directors' and officers' insurance, and malpractice insurance. It may also include contractor or employee fidelity bonds.

The debtor in possession must provide the United States Trustee with adequate proof of insurance. The debtor in possession must ensure that the insurance provider sends any notice of cancellation of an insurance policy to the United States Trustee. Do not name the United States Trustee as an insured party. Before any insurance coverage terminates, the debtor in possession must provide the United States Trustee with proof of renewal or replacement insurance. The debtor in possession must immediately notify the United States Trustee of any lapse, cancellation, modification, or renewal of insurance coverage and provide the United States Trustee adequate proof of renewal or replacement coverage.

***TAXES***

The debtor in possession must timely file all post-petition federal, state, and local tax returns with applicable tax agencies and timely pay all post-petition taxes. *See* 11 U.S.C. §§ 1112(b)(4)(I) and 1116(6). The debtor in possession should seek tax advice from a competent professional who understands the impact of bankruptcy on taxes. The IRS has publications which may be helpful. *See, e.g.*, IRS Publication 908, Bankruptcy Tax Guide. These publications can be viewed and downloaded from the IRS' website (www.irs.gov). *See also* 11 U.S.C. § 1115 regarding an individual debtor's post-petition earnings.

Debtors who are individuals must promptly obtain an Employer Identification Number for the bankruptcy estate.

***ACCOUNTING RECORDS***

The debtor's accounting records must establish a clear cut-off between financial transactions that occurred before filing the voluntary Chapter 11 petition and those that occur thereafter. Fed. R. Bankr. P. 2015 contains information about required records and reports, and the debtor in possession's duty to provide notice of the bankruptcy case to its banks, depositories, and others.

***INITIAL FINANCIAL REPORT***

The debtor in possession must submit the **Initial Financial Report** to the United States Trustee no later than 24 hours before the Initial Debtor Interview or 14 days after the debtor files the voluntary Chapter 11 petition, whichever is earlier, unless the court's local rules provide otherwise. The Initial Financial Report is <u>not</u> filed with the court. It is intended to provide the United States Trustee with information about the debtor and to ensure the debtor in possession complies with applicable requirements.

***The cover page for the Initial Financial Report, which includes the list of required documents to be submitted, is located at the applicable United States Trustee's websites on the coversheet of these Guidelines. Further instructions are provided in the Initial Financial Report form.*** Debtors in small business cases, please note that submitting an Initial Financial Report to the United States Trustee does not satisfy 11 U.S.C. § 1116's requirement to append certain documents to the voluntary Chapter 11 petition filed with the court.

***MONTHLY OPERATING REPORTS***

The debtor in possession is required to file with the court a detailed financial report for each calendar month (or portion of a month) after the voluntary Chapter 11 petition is filed. The report must be prepared on the correct **Monthly Operating Report** official form and must be filed with the court no later than **21 days** after the last day of the month covered by the report. Regardless of which Monthly Operating Report form is required (see further below), the following documents and reports must be included with the Report.

- Banking Documents: The debtor in possession's bank statements and reconciliations for all open accounts must be included with the Monthly Operating Report and must show all account activity on a full calendar month basis.

- Statement of Cash Receipts: Each Monthly Operating Report should include a separate detailed summary listing receipts in chronological order and for the date of each receipt state the: (1) payer's full name, (2) transaction purpose, and (3) total amount of receipts. This total should correspond to the amount reported in "Cash Receipts and Disbursements" section of the Monthly Operating Report.

- Statement of Disbursements: Each Monthly Operating Report should include a separate detailed summary of disbursements listing disbursements in chronological order and for the date of each disbursement state the: (1) check number (if any), (2) payee's full name, (3) transaction purpose, and (4) amount of the disbursement. This total should correspond to the amount reported in the "Cash Receipts and Disbursements" section of the Monthly Operating Report. Required data should be inputted, but do not include unnecessary alphanumeric data from online bank statements.

**Non-small Business Cases**

***Debtors, other than debtors in small business cases and Subchapter V cases,*** **must use the official data enabled form and ensure that it complies with the Final Rule at 28 C.F.R. § 58.8.** *See* 28 U.S.C. § 589b. Report filers must refer to the Final Rule and instructions for the Monthly Operating Report form for important information such as how to ensure the form is data enabled, who the reports must be served on, and what documentation must be filed with each report. Failure to correctly and timely file a report is cause for dismissal or conversion of the case to Chapter 7. 11 U.S.C. § 1112(b)(4)(F) and (H). In addition to the reports and documents identified above, non-individual debtors in possession are also required to submit a balance sheet and statement of operations (profit and loss statement) with each report. Depending on the case, the United States Trustee may request further financial reporting.

**Small Business Cases**

***Please note, the monthly operating report form for small business cases differs from the form for non-small business cases.*** A debtor in possession in a small business case must use the Monthly Operating Report for Small Business Under Chapter 11 official form which can be found on the United State Trustee's or court's websites. A debtor in a small business case should refer to Fed. R. Bankr. P. 2015(a)(6) to determine when the first monthly operating report is due.

In addition to the above identified financial documents, please refer to the official form which identifies additional financial documents required to be attached to the Monthly Operating Report.

Sample formats for the reports below are found at the applicable United States Trustee's websites on the coversheet of these Guidelines.

- Cash Receipts and Disbursements Statements
- Comparative Balance Sheet
- Profit and Loss Statement

***PERIODIC REPORTS REGARDING VALUE, OPERATIONS, AND PROFITABILITY OF ENTITIES IN WHICH THE DEBTOR HAS A SUBSTANTIAL OR CONTROLLING INTEREST ("PERIODIC REPORT")***

The debtor in possession must file with the court a **Periodic Report** of the value, operations, and profitability of each entity in which the debtor has a substantial or controlling interest and which is not publicly traded. Fed. R. Bankr. P. 2015.3. The debtor in possession's first report must be filed with the court no later than **7 days** before the first date set for the meeting of creditors. After that, reports must be filed with the court at least every **6 months**, until the confirmed plan's effective date or the case is dismissed or converted. The Periodic Report must be prepared on the official form which can be found on the United States Trustee's or court's websites.

***POST-CONFIRMATION REPORTS***

Post-confirmation Reports must be filed with the court after the court enters an order confirming a Chapter 11 plan. The Bankruptcy Code and the Fed. R. Bankr. P. require the post-confirmation debtor to file a **Post-confirmation Report** for every post-confirmation calendar quarter, including the quarter in which the plan was confirmed and the quarter in which the debtor files its application for a final decree. 11 U.S.C. § 1106(a)(7) and Fed. R. Bankr. P. 2015(a)(5). The report must be filed with the court no later than the **21st day** of the month immediately following the calendar quarter covered by the Post-confirmation Report, unless otherwise provided by the court's local rules. More frequent reporting may be requested on a case-by-case basis. The Post-confirmation Report must be filed every calendar quarter until one of the following occurs: (1) the date of the final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case. If an order has been entered that vacates any of the above orders or reopens the case other than for a purely administrative reason (e.g., the court is making a correction on the docket), the filing of Post-confirmation Reports must be resumed.

***The United States Trustee may request the debtor in possession to submit a preliminary closing Post-confirmation Quarterly Report with the application for final decree. The preliminary closing Post-confirmation Report should include all activity in the quarter through the date of the application for final decree. This form may be found at the applicable United States Trustee's websites on the coversheet of these Guidelines.***

***Non-small Business Cases***

***Debtors, other than debtors in small business cases and Subchapter V cases, must use the official data enabled form and ensure that it complies with the Final Rule at 28 C.F.R. § 58.8. See 28 U.S.C. § 589b.*** *Report filers must refer to the Final Rule and instructions for the Post-Confirmation Report form for important information such as how to ensure the form is data enabled, who the reports must be served upon, and what documentation must be filed with each report.*

**Small Business Cases**

***Please note, the Post-confirmation Report form for Small Business Cases differs from the form for non-small business cases and may differ in each jurisdiction. This form may be found at the applicable United States Trustee's websites on the coversheet of these Guidelines.***

***REPORTS IN CASES CONVERTED TO CHAPTER 7***

Unless the court orders otherwise, the debtor in possession must file with the court a **Schedule of Unpaid Debts** incurred after the bankruptcy petition was filed, within **14 days** after entry of an order converting the case to Chapter 7; and a **Final Report and Account**, within **30 days** after entry of the order converting the case. Fed. R. Bankr. P. 1019(5). Please note the court's local rules may contain additional requirements.

***INITIAL DEBTOR INTERVIEW***

Shortly after the voluntary Chapter 11 petition is filed, the United States Trustee will schedule an **Initial Debtor Interview** with the debtor and the debtor's counsel. The Initial Debtor Interview may be conducted at the debtor's place of business, remotely, the United States Trustee's Office, or other location. Debtor's counsel and a person or persons knowledgeable about the debtor's accounting and operations should attend the Initial Debtor Interview. During the Initial Debtor Interview, the United States Trustee's representative will ask questions about the debtor's accounting records, bank accounts, insurance, operations, and other matters. The representative will also review financial reporting requirements. The debtor's failure to timely provide information or attend meetings reasonably requested by the United States Trustee is cause to dismiss or convert the case to Chapter 7. 11 U.S.C. § 1112(b)(4)(H).

***MEETING OF CREDITORS***

The United States Trustee will convene and preside over a meeting of creditors within the time set by Fed. R. Bankr. P. 2003(a).

The debtor or debtor’s representative(s) will be examined under oath by the United States Trustee and creditors, with the debtor’s counsel present. Attendance by the debtor is mandatory, and when a married couple files a joint Chapter 11 petition, both spouses must appear and be examined. If the debtor is represented by counsel, debtor’s counsel must also appear. In the case of a corporate debtor, an officer or director of the corporation and the debtor's attorney must appear. If the debtor is a partnership or limited liability company, one of the general partners or managing members and the debtor’s attorney must appear.

If the debtor is an individual, the debtor must provide proof of identification and social security number in conjunction with the meeting of creditors. *See* Fed. R. Bankr. P. 4002(b).

***STATUTORY QUARTERLY FEES***

Under 28 U.S.C. § 1930(a)(6), a quarterly fee must be paid to the United States Trustee in each case under Chapter 11 (except Subchapter V cases) for each calendar quarter, or portion thereof, between the date a bankruptcy petition is filed and the date the court enters a final decree closing the case, dismisses the case, or converts the case to another chapter in bankruptcy.

The fee for each calendar quarter is based on total disbursements made in the debtor’s case during the quarter, including payments made by another party for the debtor.

**Information about how to calculate and pay the fees may be found at the applicable United States Trustee’s websites on the coversheet of these Guidelines.**

Quarterly fees are due no later than one month following the end of each calendar quarter. Each quarterly fee must be timely paid. A billing statement from the United States Trustee Program is mailed to the debtor or other designated party for each calendar quarter before the payment due date. Failure to receive a bill from the Executive Office for United States Trustees does not excuse timely payment. The failure to timely pay quarterly fees is cause for conversion or dismissal of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(K).

| For calendar Quarter ending | A fee payment is due on |
|---|---|
| March 31 | April 30 |
| June 30 | July 31 |
| September 30 | October 31 |
| December 31 | January 31 |

Do not make payments to the local United States Trustee's Office. Payments should be made online (pay.gov) or by check made payable to "United States Trustee" sent to the lock box, as indicated in the United States Trustee's websites listed on the coversheet of these Guidelines. Please note, there is a different address for checks sent by overnight delivery. Any correspondence or documents sent to the lock box, other than the payment form, will be destroyed. Do not use the United States Trustee's addresses for service of process or correspondence to pay quarterly fees.

***NOTICE OF INTEREST ASSESSMENT***

**The United States Trustee Program assesses interest on unpaid Chapter 11 quarterly fees charged in accordance with 28 U.S.C. § 1930(a)(6). 31 U.S.C. § 3717. The interest rate assessed is the rate in effect as determined by the Treasury Department at the time your account becomes past due.**

***COLLECTION OF DELINQUENT QUARTERLY FEES***

This notice advises the debtor in possession of the United States Trustee's procedures for collecting delinquent quarterly fees:

**NOTICE**

**DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. § 1930(a)(6)**

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the Chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including Chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt; and, (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

-END-